IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**ALVIN DARRELL SMITH,**

    **Plaintiff,**

**v.**                                                                                  Civil No. 3:05-cv-130
                                                                                  (Judge Broadwater)

**AL HAYNES, FEDERAL EMPLOYEES
MEDICAL/DENTAL STAFF,**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

On February 9, 2006, the *pro se* petitioner initiated this case by filing a petition for writ of mandamus seeking an Order from this Court resolving issues pertaining to his medical care, dental care, placement in segregation, and certain disciplinary reports. The case was referred to the undersigned pursuant to LR PL P 83.01, et seq. This case is currently before me on petitioners' Motion to Have the Counts Answered and Motion to Grant Preliminary and Injunctive Relief.

## I. Motion To Have Counts Answered

In this motion, petitioner seeks to have the instant case consolidated with his other pending case, 2:05-cv-64. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[w]hen actions involving a common question of law or fact are pending before the court, . . . [the court] may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

In case number 2:05-cv-64 petitioner challenges the Bureau of Prisons' computation of his sentence pursuant to 28 U.S.C. § 2241. Petitioner does not explain, nor does the Court see,

how the two cases involve a "common question of law or fact." Accordingly, it is the recommendation of the undersigned that petitioners' Motion to Have Counts Answered be denied.

## II.  Motion To Grant Preliminary Injunctive Relief

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

> (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,
>
> (2) the likelihood of harm to the defendant if the requested relief is granted,
>
> (3) the likelihood that the plaintiff will succeed on the merits, and
>
> (4) the public interest.

<u>Direx Israel, Ltd v. Breakthrough Medical Corp.</u>, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).  The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." <u>Id.</u> (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it.  <u>Id.</u>  The required harm "must be neither remote nor speculative, but actual and imminent."  <u>Id.</u> (citations and internal quotation omitted).  If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. <u>Id.</u> (citation omitted).  If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the

merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In his case, petitioner seeks a preliminary injunction directing the defendants to stop harassing him, to stop retaliating against him, to expunge a disciplinary report from his record, to release him from segregation, and directing the Warden to inform his staff to leave petitioner alone. Petitioner asserts that he will feel safer if the injunction issues. However, petitioner does not assert, much less establish, that he is in actual and imminent danger of being harmed if an injunction does not issue. At best, petitioners' request alleges merely a remote or speculative possibility that he will be harmed by the failure to issue an injunction. Accordingly, it is the recommendation of the undersigned that the petitioner's Motion for Preliminary and Injunctive Relief be denied.

### III. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the petitioner's Motion to Have Counts Answered (Dckt. 9) and Motion for Preliminary Injunctive Relief (Dckt. 10) be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this

recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and any counsel of record.

Dated: May 25, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE