IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

ALVIN DARRELL SMITH,

      Plaintiff,

v.                                                                      Civil Action No. 3:05cv130
                                                                     (Judge Broadwater)

AL HAYNES, FEDERAL EMPLOYEES
MEDICAL/DENTAL STAFF,

      Defendants.

## OPINION/REPORT AND RECOMMENDATION

This case was initiated on February 9, 2006, by the filing of a petition for writ of mandamus pursuant to 28 U.S.C. § 1361 and 42 U.S.C. § 1983. This matter is before me for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq.

## I. Procedural History

On February 9, 2006, petitioner filed a Motion to Have Counts Answered and a Motion for Preliminary Injunction. With regard to the motion to have counts answered, the Court found that petitioner was attempting to consolidate this case with his pending habeas case. With regard to his motion for injunctive relief, the Court found that petitioner was seeking an Order enjoining the defendants from harassing and retaliating against him, directing that an incident report be expunged from his record, directing that he be released from segregation, and directing the Warden to inform staff to leave him alone. On May 26, 2006, I issued an Opinion/Report and Recommendation ("R&R") recommending that petitioner's motions be denied.[1]

---

[1] In the R&R, the undersigned determined that the two cases should not be consolidated because they failed to contain a common question of law or fact and that petitioner could not show more than a remote or speculative possibility that he will be harmed if an injunction does not issue.

On June 7, 2006, the petitioner filed objections to the R&R, a Motion to Consolidate, and a Motion for Extension of Time to File 1983 Complaint.

On June 13, 2006, the Court directed plaintiff to file proof of exhaustion.

On June 22, 2006, petitioner filed another Motion to Consolidate.

On June 30, 2006, the Honorable W. Craig Broadwater issued an Order adopting the findings in the R&R. In addition, Judge Broadwater noted that in his objections, petitioner states that his intent was not to consolidate this case with case number 2:05cv64. Nonetheless, because the intent of the original was unclear, the R&R was adopted in its entirety and petitioners' subsequent filings were referred to the undersigned for further consideration.

Since the filing of Judge Broadwater's Order, the petitioner has filed a response to the Court's Order on exhaustion, a Motion to Have Court Order Issued, and a Motion For Court Order on Correct Medications. Each of these motions is currently pending.

## II. The Complaint

In the complaint, petitioner states that he is seeking an Order from this Court directing the Bureau of Prisons ("BOP) to resolve issues pertaining to his medical care, dental care, placement in segregation, and certain disciplinary reports. In support of his request, the petitioner asserts that the BOP has failed to handle his medical problems since petitioner was first received in the federal system. Moreover, petitioner asserts that he has developed other medical problems as a result of the inadequate treatment that he has received. Petitioner asserts that staff has harassed and retaliated against him because he is a litigator. Furthermore, petitioner asserts that staff has refused petitioner the same treatments and services provided to other inmates. Petitioner asserts that this failure on the part of the defendants to "handle their

duties and responsibilities" has caused him great pain and suffering. Petitioner asserts that the defendants' actions are intentionally and deliberately intended to cause harm.

Petitioner asserts that the actions in question took place throughout the past six years of his incarceration and encompass claims arising from the Beckley Federal Correctional Institutional ("FCI") in West Virginia, FCI Edgefield in South Carolina, the United States Penitentiary ("USP") in Atlanta, Georgia, the Coleman USP in Florida, and at the Hazelton USP in West Virginia. While incarcerated at these various institutions, petitioner asserts he was denied the ability to consult with his own physician, dentist, podiatrist, dermatologist and digestive specialist.

Petitioner asserts that his trouble started in 1998 when he was first transferred to FCI Beckley from Lorton. While at Beckley, the BOP failed to provide petitioner with adequate dental or medical care. Petitioner asserts that he suffered from an abscess in his mouth which "busted" and caused petitioners' tooth and gums to rot. Petitioner was finally seen by a dentist who extracted the tooth. However, petitioner has attempted to get copies of his dental records on the extraction, but has been told that no such records exist. Petitioner asserts that his dental problems were also not treated at Edgefield, Atlanta, or Coleman. Thus, petitioner asserts that the defendants have neglected and inadequately treated his dental condition.

Petitioner asserts that he also suffers from the following other medical problems:

(1) hyperkeratosis, a foot disease characterized by excessive skin growth on the bottom of the feet;

(2) hyperkatosis, a foot disease characterized by excessive sweating of both feet;

(3) cataracts, for which petitioner is nearly legally blind in both eyes;

(4) malnutrition caused by a parasite that he ingested at USP Atlanta; and

(5) dry skin.

With regard to these ailments, petitioner asserts that the defendants have failed to provide him with "medical treatment aides," light duty passes, soft shoe passes, a pumice-sand bar or plastic device for smoothing feet, and a low bunk pass. Moreover, petitioner asserts that the defendants confiscated and sent home his "RUFF towel & face cloth."

Besides the lack of medical and dental care, petitioner also asserts that the defendants "need to put religious oils, kufi's, and prayer rugs on [the] disciplinary segregation and administrative segregation commissary, hygiene items [like] soap, lotion, grease, shampoo" and more "real food" items such as meats, drinks, coffee and tea, instead of the junk food that is offered now. Petitioner asserts that he was told by two correctional officers that only limited items are allowed in the Special Housing Unit ("SHU") because inmates in the SHU are supposed to be miserable and uncomfortable. Petitioner asserts that he does not like the smell of the items currently allowed, in particular, the deodorant, shampoo, shaving gel, and body wash. Moreover, petitioner asserts that the toothpaste tastes like body wash, the toothbrushes are too small, and the combs and brushes offered for grooming are discriminatory because they are only appropriate for persons of European descent and not Nubian males.

Finally, petitioner asserts generally, that all the disciplinary reports ("DR's") in his inmate file should be expunged because he should not have received any of them in the first place. Petitioner references four specific DR's:

(1) refusing to work - should be expunged because he never refused;

(2) sexual proposal - should be expunged because never made;

(3) refusing to leave segregation - should be expunged because petitioner cannot be in the general population because his blindness leaves him prey to other inmates; and

(4) threats - should be expunged because never made.

## III. Petitioner's Pending Documents

### A. Motion to Consolidate

In this motion, petitioner asserts that the Court misconstrued his intentions with regard to his requests for consolidation. Petitioner asserts that he does not wish to consolidate this case with his pending habeas case, as those cases are unrelated. Instead, petitioner asserts that his habeas case should only be "observed concerning the Bivens-type civil actions of the (19) known defendants whom tried to have the plaintiff attacked and killed, plus set up at FCI Edgefield because of his litigations against them." Motion at 3. Petitioner asserts that he actually wants this case consolidated with his § 1983 civil action and that all claims be considered in the instant case for the purpose of cost and delay. Petitioner asserts that he has requested several times to file a complaint under 42 U.S.C. § 1983 because the case is a "multi-civil action claim with 120 separate issues and as said 100 plaintiff's total, 50 defendants, 30 witnesses for plaintiff (staff members), plaintiff has primarily used his experiences himself as a prime example of travesties and atrocities committed against us all throughout the FBOP." Id.

Moreover, petitioner appears to request reconsideration of the undersigned's previous Order recommending that his Motion to Have Counts Answered and Motion for Preliminary Injunction be denied.[2]

---

[2] Because that R&R was already adopted by the District Judge, to the extent that plaintiff seeks reconsideration of that Order, his motion is MOOT. Plaintiff should have raised those issues in his objections to the R&R.

**B. Motion for Extension of Time to File § 1983 Civil Class Action**

Petitioner asserts that he is still exhausting his administrative remedies with regard to his class action civil suit. Therefore, he seeks additional time to file his class action complaint in the instant case so that he may avoid the costs of initiating a new case.

**C. Motion for Consolidation**

In this motion, petitioner against requests permission to file a § 1983 civil class action complaint in this case. This motion is nearly identical to petitioners' first motion to consolidate.

**D. Petitioner's Response to the Court's Order to File Proof of Exhaustion**

On June 22, 2006, petitioner filed a response to the Court's Order directing him to file proof of exhaustion. In that response, petitioner again requests that the Court grant him permission to consolidate his § 1983 civil class action suit with the instant Petition for Writ of Mandamus. In addition, petitioner asserts that he has exhausted all of his administrative remedies as shown in his attachments.[3] Petitioner also makes some allegations involving staff tampering with his mail and provides the Court with an update on his medical situation.

**E. Petitioner's Motion to Have Court Order Issued**

In this motion, petitioner asserts that the BOP is interfering with his legal endeavors by denying petitioner postage stamps and extra copy cards. Moreover, the petitioner makes some vague allegations about the BOP not properly processing his monthly payments to this Court. Therefore, petitioner seeks a Court Order directing the defendants to "leave him alone concerning his litigations" and to Order the BOP to sell petitioner "the correct amount" of

---

[3] The attachment to petitioner's response consists of a two page article about low carb diets and a one-page "patient information form" advising petitioner on the uses, warnings, and other information about Metformin 500 MG tabs, used to control high blood sugar in patients with type 2 diabetes. Petitioner also re-filed copies of the grievances already on record in this case.

stamps and copying cards. Finally, petitioner also requests that the Court direct the "Business Manager" to withdraw funds from his account "herself[,] and send to the court."[4]

**F.  Petitioner's Motion for Order to Place Petitioner on Correct Medications**

In this motion, petitioner requests the Court authorize him to receive a medical package that contains the proper medications needed for his Hyperkeratosis and Hyperkatosis and to combat his malnutrition. Moreover, petitioner requests that the Court authorize him to set an appointment to speak with a psychologist regarding his medical problems. Petitioner also requests that the Court direct the BOP to give him certain medications and to answer certain medical requests that petitioner has submitted.

**IV.  Analysis**

**A.  Writ of Mandamus**

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v.United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).

---

[4] The issues raised in this motion, although related to the instant action, are really separate and distinct claims. Therefore, plaintiff must first exhaust his administrative remedies before bringing these claims in this Court. Thus, this motion is due to be denied.

In this case, petitioner may raise his claims and seek relief in the BOP's administrative remedy program. If petitioner is not satisfied with the results of those proceedings, he may initiate a civil rights action in this Court. Therefore, petitioner has other adequate means to attain the relief he desires and a writ of mandamus is not appropriate in this instance.

**B. Petitioners' Claims Under 42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Accordingly, by its terms, § 1983 applies only to state actors and has no application in this case, a case against federal employees. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (a claim for relief under § 1983 may be made only against persons who acted under color of *state* law) (emphasis added). Because petitioner cannot bring his claims under § 1983, his request to consolidate a § 1983 civil class action complaint with the instant case, must be denied.

**C. Petitioner's Construed Bivens Claims**

As noted above, petitioner is a federal prisoner bringing claims against federal employees and is not entitled to proceed under 42 U.S.C. § 1983. However, the United States Supreme Court has created a counterpart to § 1983 so that individuals may bring a suit against a federal

8

actor for violating a right guaranteed by the United States Constitution or federal law. See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971). Accordingly, to the extent that petitioner is attempting to bring his claims against the federal defendants in their individual capacities, the Court will construe those claims as arising under Bivens.[5] However, for the reasons set forth below, petitioners' Bivens claims are also due to be dismissed.

1. Exhaustion of Administrative Remedies

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e(a), requires that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. If the record does not demonstrate on its face that the prisoner exhausted such remedies, the prisoner's complaint must be dismissed. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998). A district court must enforce this requirement *sua sponte* if it is not raised by the defendant. Id. The United States Supreme Court has determined that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524 (2002).

Exhaustion as provided in § 1997e(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). There is no longer discretion to waive the exhaustion requirement. See Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1999). Section 1997e(a) does not state that the

---

[5] The Court notes that it does not have jurisdiction over petitioner's claims arising from events occurring at FCI Beckley (located in the Southern District of West Virginia), FCI Edgefield (located in the District of South Carolina), USP Atlanta (located in the Northern District of Georgia) or USP Coleman (located in the Middle District of Florida). Accordingly, petitioner's claims arising at those facilities will not be addressed in any further detail.

exhaustion of administrative remedies is required before a case may be decided, but rather states that exhaustion of remedies is required before a case may be brought by the plaintiff. 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. at 524-25. Congress could have written a statute making exhaustion of administrative remedies a prerequisite to judgment, but it made exhaustion a prerequisite to filing suit. Perez v. Wisconsin Dept. of Corr., 182 F.3d 532, 534-35 (7th Cir. 1999). Therefore, a plaintiff must exhaust his administrative remedies prior to filing a lawsuit, and the Court is not required to provide plaintiff with additional time while the lawsuit is pending to exhaust those remedies.[6] Booth v. Churner, 532 U.S. at 741; Porter v. Nussle, 534 U.S. at 524-25; Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004).

The Bureau of Prisons ["BOP"] makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at USP-Hazelton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

In this case, although specifically directed to file proof of exhaustion, petitioner has failed to do so. In the complaint and his subsequent filings, petitioner provides copies of several

---

[6] It is for this reason, that petitioner's motion for extension of time should be denied.

informal requests to staff, a number of formal grievances to the Warden, letters received from a member of Congress, and an acknowledgment letter from regional counsel confirming receipt of petitioners' administrative tort claim. However, petitioner has not filed copies of any regional or central office remedy or any final decision regarding his tort claim.[7] Moreover, in petitioners' motions to consolidate and motion for extension of time, he specifically states that he is currently attempting to exhaust his administrative remedies and wishes to consolidate his § 1983 claims in this case once he has completed exhaustion. Accordingly, petitioners' claims are not exhausted and his claims are due to be dismissed for that reason. However, even if petitioners' claims were exhausted, his claims are still due to be dismissed for the following additional reasons.

2. <u>Sufficiency of the Claims</u>

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added) "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." <u>Migdal v. Rowe Price-Fleming International, Inc.</u>, 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

In the instant case, petitioner makes general statements that he is entitled to relief, yet

---

[7] The undersigned notes that petitioner does not raise a tort claim in this action nor does he seek to add one. Therefore, petitioner's tort remedies appear to be irrelevant to this case.

11

with the exception of Warden Haynes, fails to name even one single person who actually participated in any alleged violation of his constitutional rights. Simply naming the BOP's medical and dental staff is not sufficient. Presumably, that would include any individual employed by the BOP as medical or dental personnel, regardless of where they work or if they ever had contact with petitioner. In those circumstances, it is impossible for the Court to determine if any particular individual violated petitioner's constitutional rights. Accordingly, petitioners' claims are insufficiently pled and the complaint should be dismissed. See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants). However, even if petitioner had named the federal employees that allegedly violated his constitutional rights, his petition still fails to state a claim upon which relief may be granted.

    3. Failure to State a Claim

In the complaint, petitioner appears to claim that the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. In addition, petitioner alleges that certain incident reports are false and should be expunged.

As to his Eighth Amendment claims, in order to state a claim under the Eighth Amendment for ineffective medical care, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir.

1985). In order to establish an Eighth Amendment violation, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

In this case, petitioner asserts that while at USP Hazelton, the "defendants" have failed to provide him with medical treatment aides, light duty passes, a pumice-sand bar or plastic device for smoothing feet, and a low bunk pass. Moreover, petitioner complains that the "defendants" sent home his Ruff towel and face cloth. However, petitioner fails to show that any of these items are medically necessary, and if they are, that he has a constitutional right to have them. See Vintage v. Gibbs, 550 F.2d 926 (4th Cir. 1977) (an inmate is not entitled to the best possible care, only reasonable care); see also Goff v.Bechtold, 632 F. Supp. 697, 698 (S.D.W.Va. 1986) (same). Here, it appears as if petitioner merely disagrees with the course of treatment prescribed by the BOP's doctors and other medical staff.

In addition, petitioner asserts that it is cruel and unusual punishment to be denied access to specialists of his own choosing, to a better selection of hygiene items, and a better selection of commissary goods. However, petitioner is in prison. His rights are effectively curtailed by his incarceration. See O'Lone v. Estate of Shabazz, 482 U.S. 342. 348 (1987) (quoting Price v. Johnson, 334 U.S. 266, 285 (1948) ("lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by considerations underlying our penal system"). Petitioner is simply not entitled to doctors of his own choosing, to hygiene products of his own choosing, or to a better selection of commissary items.

As to petitioners' claims regarding his disciplinary reports, those claims could be

cognizable in a Bivens action provided that petitioner did not lose good conduct time as a result of the disciplinary action. See Preiser v. Rodriguez, 411 U.S. 475 (1973). However, petitioner does not allege the violation of any constitutional right with regard to those reports. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) Instead, petitioner merely makes a self-serving statement that the reports are all false. Clearly this is insufficient to state a claim for relief.

## V.  Recommendation

For all of the above state reasons, it is the undersigned's recommendation that the petitioner's Motion for Writ of Mandamus (dckt. 1) be DENIED and this case be DISMISSED from the Court's active docket. In addition, it is also recommended that the petitioner's Motion to Consolidate Cases (dckt. 21), Motion for Extension of Time to File 1983 Complaint (dckt. 22), Second Motion to Consolidate Cases (dckt. 24), Motion to Have Order Issued (dckt. 28), and Motion for Order to Place Petitioner on Correct Medications (dckt. 30), be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the

*pro se* petitioner and counsel of record, as applicable.

DATED: August 31, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE