# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALVIN DARRELL SMITH,**

        **Petitioner,**

**v.**                                                                             **Civil Action No. 3:05cv130**
                                                                                   **(Judge Bailey)**

**AL HAYNES, FEDERAL EMPLOYEES**
**MEDICAL/DENTAL STAFF,**

        **Respondents.**

## ORDER DENYING PETITIONER'S PENDING MOTIONS

The *pro se* petitioner initiated this civil rights action on December 6, 2005, seeking a writ of mandamus against the above-named defendants. The case was denied and dismissed on December 15, 2006. Now before the Court is the petitioner's Motion to Transfer Affidavits and Motion to File as a Miscellaneous Case.

### A.   Motion to Transfer Affidavits

In the motion, the petitioner requests the Court transfer all affidavits filed in this case to a new and undisclosed civil action pursuant to Rule 19 of the Federal Rules of Civil Procedure. More specifically, the petitioner requests the Court transfer all "affidavits of truth" filed in this matter to his new civil rights case. The plaintiff explains:

> these affidavits are part of (<u>all</u>) the plaintiffs "<u>true testimonies</u>" against the defendants, named the case matter. And I would like them transferred to <u>new case #</u>, so our claim can be adjudication on the merits of the claim, against them. And <u>(all) affidavits</u> <u>(160-170)</u> will be on file under the new case #.

Motion at 3 (emphasis in original).

Although the petitioner's motion states that there were 160-170 affidavits filed in this case,

upon a review of the file, the Court can find only two affidavits filed by the petitioner. See dckt. 11 and 17. Moreover, the petitioner does not state which case he would like these affidavits transferred to and a review of the Court's docket shows no new cases initiated on the petitioner's behalf.[1] In addition, Rule 19 of the Federal Rules of Civil Procedure pertains to the joinder of persons needed for just adjudication, not the transfer of documents from one case to another. Accordingly, the petitioner's Motion to Transfer Affidavits (dckt. 52) is **DENIED**.

B.  **Motion to File a Miscellaneous Case**

In this motion, the petitioner requests the Court's permission, "to file 42 U.S.C. § 1983 under mis. green file - for $39.00 and why? courts clerk never answered the plaintiff's - inquirey (sic) concerning sending a listing of cases filed under mis. green file, for $39.00, sent to clerk. . . . plus request for a blank form "writ" - of FIFA to be attached to the U.S. Marshal Form - 285."[2]

First, the plaintiff does not identify what case he wishes to file as a miscellaneous case. Second, the petitioner sent this Court a letter of inquiry concerning miscellaneous cases on October 14, 2006. See dckt. 37. By letter of response, it was explained to the petitioner that the Court does accept certain cases as miscellaneous cases and that the filing fee for such cases is $39.00. Id. Moreover, it was also explained to the petitioner that the types of claims he wished to raise did not qualify as a miscellaneous case. Id.

Not satisfied with the Court's response, the plaintiff sent a letter to the Clerk of Court requesting a "litany of which documents the courts file under misc. green file for $39.00." Dckt. 37

---

[1] Petitioner has had only one other case in this Court, 2:05cv64. That case was closed on August 24, 2007.

[2] The petitioner is advised that as to his request for a "blank form writ of FIFA," no such document exists.

at 3. The petitioner made similar requests on November 11, 2006 and February 7, 2007. See dckt. 39 and 44. Although it appears that the petitioner's letters were responded to in part, his request for a list of miscellaneous cases does not appear to have been addressed. Id. Regardless, the Court does not have a list that identifies which specific types of cases fall into the category of miscellaneous cases. The filing of an action is determined on a case-by-case basis depending on the content of the initial pleading. Therefore, the list the petitioner has requested is simply not available. However, the petitioner is advised that miscellaneous cases are generally those that contain administrative matters that require resolution through the court system, but that cannot be considered either a civil or criminal case. The issues raised by the petitioner can be addressed in a regular civil action, thus, do not qualify as a miscellaneous case. Accordingly, the petitioner's motion to file a miscellaneous case (dckt. 53) is **DENIED**.

      IT IS SO ORDERED.

      The Clerk is directed to mail a copy of this Order to the *pro se* petitioner.

      DATED: January 29, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE